**Eduardo GONZALEZ, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Police Department, Keith Cunningham, Samuel Paneccio, In his individual and official capacities, and John Huber, In his individual and official capacities, Defendants–Appellees.**

**Docket No. 00–9520.**

United States Court of Appeals, Second Circuit.

April 3, 2002.

Scott Gale, Gale & Assocs., Brooklyn, NY, for Appellant.

Dona B. Morris, Assistant Corporation Counsel, City of New York New York, NY, for Appellee.

Present McLAUGHLIN, F.I. PARKER, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Eduardo Gonzalez ("Gonzalez") appeals from the judgment of the district court entered November 11, 2000 upon a memorandum and order dated November 3, 2000 granting the motion for summary judgment of Defendants–Appellees City of New York, New York City Police Department ("NYPD"), Keith Cunningham, Samuel Panuccio,[1] and John Huber. *Gonzalez v. City of New York*, No.

---

1. Officer Panuccio was incorrectly sued under the name Paneccio, which appears in the official caption of the case.

99–Civ–9128, slip op. at 25, 2000 WL 1678036 (S.D.N.Y. Nov. 8, 2000).

Gonzalez alleges that the defendants discriminated against him on account of his race and seeks to recover pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 for alleged violations of his Fourth and Fourteenth Amendment rights based on the termination of his employment with NYPD and the events of March 27, 1999 that precipitated his termination. For the reasons set forth below, we affirm the district court's grant of summary judgment in favor of the defendants.

■ Gonzalez's § 1983 equal protection claim fails because he cannot demonstrate that he was similarly situated to the other drivers on Lexington Avenue who were not pulled over. *See LaTrieste Rest. & Cabaret v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir.1994) (plaintiff with equal protection claim based on selective enforcement must demonstrate that he was selectively treated as compared to others similarly situated). It is undisputed that Gonzalez, unlike other drivers, was driving erratically and the passenger car door was opened while the car was moving. Moreover, Gonzalez has raised no inference that the officers who pulled him over were motivated by race or any other impermissible basis.

■ Gonzalez's claim for false arrest under § 1983 also fails because, even assuming that Gonzalez was seized, the officers who seized him had probable cause to do so based on his reckless driving. "The existence of probable cause to arrest constitutes justification [for the confinement] and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) (citation and internal quotation marks omitted). Even without probable cause, it would have been reasonable for the officers to detain Gonzalez as part of an internal investigation into the fitness of one of its own officers. "So long as the actions of a policeman's superior remain within reasonable bounds, there can hardly be that affront to expectations of personal autonomy which marks the state's coercive power in the typical arrest case." *Biehunik v. Felicetta*, 441 F.2d 228, 231 (2d Cir.1971) (holding police commissioner's order was reasonable that commanded sixty-two police officers, upon threat of discharge and without probable cause, to appear in a line-up).

■ The district court also correctly dismissed Gonzalez's § 1983 claim for deprivation of procedural due process because, as a probationary employee on the date of his termination, Gonzalez did not have a legitimate claim of entitlement to continued employment. *Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 629–30 (2d Cir.1996). Probationary employees may be terminated without a hearing and have no property rights in their positions under New York law. *Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir.1996).

■ Gonzalez's employment discrimination claim under § 1981 was properly dismissed because Gonzalez has proffered no evidence that his termination occurred in circumstances giving rise to an inference of unlawful discrimination, a required element of a plaintiff's prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 311–12 (2d Cir.1997).

■ Lastly, Gonzalez failed to make a prima facie case under § 1985, which requires a plaintiff to establish, among other things, that the defendants conspired to deprive him of his constitutional rights and acted with class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*,

403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 70 (2d Cir. 1976). Gonzalez has offered no evidence that defendants conspired or acted with discriminatory animus.

For the reasons set forth above, the judgment of the district court is AFFIRMED.